UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY E. TOMBS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARION MARRUJO, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-1393 JAM CKD P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  On August 27, 2013, the undersigned issued findings and a recommendation that this action be dismissed without prejudice because plaintiff had not filed an in forma pauperis affidavit or paid the appropriate filing fee.  (ECF No. 7.)  Plaintiff has since filed an in forma pauperis application and a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 8.)  Accordingly, the court will vacate its August 27, 2013 recommendation of dismissal, and plaintiff's request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Here, plaintiff alleges that an individual defendant at the Office of Internal Affairs at the California Department of Corrections and Rehabilitation did not respond to letters he sent in 2012

detailing various abuses he allegedly suffered while housed at Deuel Vocational Institution ("DVI"). It is not clear from the complaint whether plaintiff followed established grievance procedures at DVI to seek remedies for his alleged mistreatment.[1] At any rate, plaintiff does not state a claim pursuant to § 1983 on this basis. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (inmates do not have a Constitutional right to a specific prison grievance procedure). Plaintiff's allegations of mistreatment at DVI and/or Richard J. Donovan Correctional Facility ("Donovan State Prison") do not involve any named defendant, and so, for this reason among others, fail to state a cognizable claim.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

---

[1] The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a) (2008). Exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. Id. at 90. Prisoners need comply only with the prison's own grievance procedures to properly exhaust under the PLRA. Jones v. Bock, 549 U.S. 199, 218 (2007).

1  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

2  complaint be complete in itself without reference to any prior pleading. This is because, as a

3  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

4  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

5  longer serves any function in the case. Therefore, in an amended complaint, as in an original

6  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

7      In accordance with the above, IT IS HEREBY ORDERED that:

8      1. The August 27, 2013 findings and recommendations are VACATED;

9      2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

10     3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees

11 shall be collected and paid in accordance with this court's order to the Director of the California

12 Department of Corrections and Rehabilitation filed concurrently herewith.

13     4. Plaintiff's complaint is dismissed.

14     5. Plaintiff is granted thirty days from the date of service of this order to file an amended

15 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

16 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

17 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

18 two copies of the amended complaint; failure to file an amended complaint in accordance with

19 this order will result in a recommendation that this action be dismissed.

20 Dated: October 11, 2013

21     _____

22     CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

25 2 / tomb1393.14new